J-A15009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOAN LICHTMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHUBB GROUP OF INSURANCE COMPANIES, MATTHEW CARRAFIELLO, GARY GLAZER, EDWARD D. CHEW, BARBARA DEELEY, PHILADELPHIA SHERRIFF, CYNTHIA BERNSTIEL, NELSON LEVINE DELUCA & HORST, LLC, E. GERALD RIESENBACH, RITTENHOUSE PLAZA, INC., EDWARD EDELSTEIN, WILLIAM LEDERER, MARY DUDEN, STANTON OSWALD, RUTH FERBER, SANDRA FOXX-JONES, SLAVKO BRKICH, JON SIRLIN, DANA PLON, PETER LESSER, SUSAN KUPERSMITH, ADRIENNE HERNDON, SIRLIN GALLOGLY & LESSER, WALTER FLAMM, ALISON TULIO, WILLIAM CALLAHAN, FLAMM WALTON, SCOTT ADDIS, THE ADDIS GROUP, PAMELA DEMBE, ALLAN TERESHKO, IDEE C. FOX, WILLIAM MANFREDI, VICKI GOLDBERG, JOANNE DAVIDOW, PRUDENTIAL FOX ROACH, AND OLD REPUBLIC NATIONAL TITLE COMPANY | |
| Appellees | No. 1492 EDA 2013 |

Appeal from the Order April 19, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term, 2011, No. 03159

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.:　　　　　　**FILED SEPTEMBER 04, 2014**

Appellant, Joan Lichtman, appeals, *pro se*, from the order denying her petition to open judgment, entered by the Honorable Sandra Mazer Moss, Court of Common Pleas of Philadelphia. After careful review, we quash the appeal.[1]

Lichtman filed a praecipe for a writ of summons and a motion to proceed *in forma pauperis* on December 1, 2011. The trial court denied the *in forma pauperis* motion on December 30, 2011. Lichtman requested reconsideration, which the trial court denied *via* order dated January 31, 2012. The trial court subsequently entered a judgment of *non pros* on Lichtman's writ of summons.

Lichtman pursued various appellate remedies from the denial of *in forma pauperis* status, none of which were successful. On March 21, 2013, she filed the instant petition to open the judgment of *non pros*. On April 19, 2013, the trial court denied the petition to open judgment, and Lichtman filed this timely appeal.

On appeal, Lichtman raises five issues for our review:

_____

[1] We also deny Lichtman's "Motion and Memorandum of Law Strike [sic] (wilfully late) Appellee Brief of, and to Disqulaify Reger, Rizzo & Darnall with Disciplinary and Prosecutorial Sanctions." While Lichtman does cite to some authority in her 43 page motion, our review leads us to conclude that it is simply a restatement of her allegations of perjury and official corruption, without actually developing any meaningful argument in support of specific allegations of error. Ultimately, we need not refer to Appellees' Briefs, as we conclude that Lichtman's appellate brief is woefully inadequate to preserve any claims on appeal.

1. Did the trial court err or abuse discretion, when failing even to read the docket sheet, and/or failing ot hold a hearing, and/or denying due process, prior to rendering a decision, which ratifies attorneys' wilfully perjured pleadings and which clearly contradicts the facts, evidence and law on the record and before the Court?
2. Was the trial court biased against an unrepresented litigant?
3. Did the trial court err or abuse discretion, when sustaining mistakes/malfeasance by the Prothonotary, in the assignment of motions to a judge who is also a named defendant, and/or failing to vacate/strike a Judgment Non Pros which is **legally null and void**?
4. Did the trial court err or abuse discretion by failing to self-recuse?
5. Is the trial court in violation of *Rules of Professional Conduct* and *Canons of Judicial Conduct*, by failing to be informed as to the facts, evidence, and the governing law; by failing to obey the *Rules* and *Canons*, and thereby, having left the trial judge, herself, subject to disciplinary action for conduct outside the scope of her authority, due to the trial judge's sustaining, ratifying, aiding and abetting attorneys' and judges' commission of crimes, as proved on the public record, which the trial court deliberately neglected to address, read, and/or consider, while egregiously endangering the literal survival of an impoverished, unrepresented litigant?

Appellant's Brief, at 1 (emphasis and italics in original).

Lichtman's appellate brief submitted to this Court contains substantial defects, which hamper meaningful appellate review of her claims. We need not catalog them here, but note that Lichtman's brief lacks a statement of both the scope and standard of review. **See** Pa.R.A.P. 2111.

More importantly, Lichtman's legal argument is wholly undeveloped. It contains no citations to authorities, and makes no attempt to apply any authority to the present case. **See** Pa.R.A.P. 2119(b). By and large, Lichtman's argument section of her brief consists of eight pages of

Lichtman's various allegations of perjury and official corruption. It further lacks any explication of the issues she seeks to raise on appeal, and is broken into only two subsections, which are not directly related to the issues she lists in her statement of issues on appeal.

"When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." **Giant Food Stores, LLC v. THF Silver Spring Development, L.P.**, 959 A.2d 438, 443 n.1 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006).

We are therefore compelled to quash this appeal as the numerous and serious defects in the brief prevent us from conducting a meaningful review.[2]

_____

[2] "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our Supreme Court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." **Gesiorski**, 904 A.2d at 942 (citation omitted). As Lichtman has chosen to proceed *pro se*, she cannot now expect this Court to act as her attorney.

Appeal quashed. "Motion and Memorandum of Law Strike [sic] (wilfully late) Appellee Brief of, and to Disqulaify Reger, Rizzo & Darnall with Disciplinary and Prosecutorial Sanctions" denied. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2014