J-A11017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| D.H. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| B.M. | |
| Appellant | No. 2015 EDA 2014 |

Appeal from the Order of July 3, 2014
In the Court of Common Pleas of Delaware County
Civil Division Docket No: 11-07785

BEFORE:  FORD ELLIOT, P.J.E., OLSON and WECHT, JJ.

JUDGMENT ORDER PER CURIAM:                          **FILED MAY 01, 2015**

Appellant, B.M.,[1] appeals *pro se* from the July 3, 2014 order finding her in contempt of court.  We dismiss the appeal.

On July 3, 2014, the trial court found Appellant to be in contempt of court for failing to attend court-ordered reunification counseling.  The trial court ordered Appellant to pay $560.00 in costs associated with her missed counseling sessions.  She appealed that contempt finding to this Court. Instead of filing a brief on appeal, Appellant filed a 12-page document that fails to address the merits of this appeal and, instead, discusses a myriad of unrelated issues.  This document fails to comply with several Pennsylvania

---

[1] As this case involves child custody issues, we are identifying the parties by their initials so as to protect the identity of the minor child.

Rules of Appellate Procedure. **See, e.g.**, Pa.R.A.P. 2111, 2114, 2116, 2117, 2118, and 2119.

"[W]e decline to become the appellant's counsel. When . . . briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking & Trust v. Gesiorski**, 904 A.2d 939, 942–943 (Pa. Super. 2006) (internal alteration and citation omitted). Although we could discuss the deficiencies with respect to each rule of court listed above, we focus on Pennsylvania Rule 2116, which provides that "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Appellant's document lacks a statement of questions involved.

The lack of a statement of questions involved, along with the other deficiencies, renders Appellant's document "wholly inadequate to present specific issues for review." **Gesiorski**, 904 A.2d at 942. Therefore,

pursuant to Pennsylvania Rule of Appellate Procedure 2101,[2] we dismiss the appeal.[3]

      Appeal dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2015

---

[2]   Pennsylvania Rule of Appellate Procedure 2101 provides that:

> Briefs . . . shall conform in all material respects with the requirements of these rules . . . . [I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

[3] Even if we were to consider the merits of this appeal, we would affirm as Appellant has waived all issues on appeal. *See* Pa.R.A.P. 1925(b). Finally, even if we found that she had preserved any issues for appeal, we conclude her challenge to the trial court's contempt order is without merit.