J-A01019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.R. OBO J.R., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| L.R., | |
| Appellee | No. 984 EDA 2017 |

Appeal from the Order Dated March 21, 2017
in the Court of Common Pleas of Philadelphia County
Family Court at No.: 1512V7013

| | |
|---|---|
| M.R. OBO B.R., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| L.R., | |
| Appellee | No. 985 EDA 2017 |

Appeal from the Order Dated March 21, 2017
in the Court of Common Pleas of Philadelphia County
Family Court at No.: 1512V7014

BEFORE:  LAZARUS, J., OTT, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:          **FILED FEBRUARY 16, 2018**

---

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated[1] cases, M.R. (Father), appeals *pro se* from the trial court's orders denying his petitions for civil contempt of temporary protection from abuse (PFA) orders against L.R. (Mother), that Father obtained on behalf of the parties' minor sons, J.R. and B.R (Children). We quash.

We take the following facts and procedural history from the trial court's August 21, 2017 opinion and our independent review of the certified record. In prior custody proceedings, Mother was granted full legal and primary physical custody of the Children. Father was granted supervised partial custody.

On December 7, 2015, Father filed PFA petitions on behalf of the Children. The then-presiding trial court judge entered temporary PFA orders directing that Mother not abuse or threaten the Children. Mother retained primary physical custody of the Children pursuant to the custody order. While awaiting trial on the PFA petitions, on April 5, 2016, Father filed two petitions for civil contempt, in which he alleged that Mother violated the temporary PFA orders by abusing the Children. On January 27, 2017, following trial, the court dismissed both PFA petitions and vacated the temporary PFA orders. The trial court judge also recused herself from proceedings on the two civil contempt petitions.

On March 21, 2017, the new (recusal) trial court judge held a hearing on the civil contempt petitions. Both Children were interviewed *in camera*.

---

[1] This Court consolidated the appeals *sua sponte* on April 11, 2017.

The trial court denied the petitions, based on its finding that there was no credible evidence of any abuse by Mother. (*See* Trial Court Opinion, 8/21/17, at 3, 8). These timely appeals followed.[2]

On appeal, Father challenges the trial court's denial of his civil contempt petitions. However, because he presents no properly developed legal arguments for our review, we quash this appeal.

Our rules of appellate procedure provide that litigants must comply with applicable briefing requirements, and where the defects in a brief are so substantial as to preclude meaningful judicial review, the appeal may be quashed or dismissed. *See* Pa.R.A.P. 2101; *see also Irwin Union Nat. Bank & Tr. Co. v. Famous*, 4 A.3d 1099, 1103 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1212 (Pa. 2011).

Here, Father's three and one-half page brief fails to comply with any of the requirements outlined in our rules of appellate procedure. It lacks a statement of jurisdiction; the text of the order in question; statement of the questions involved; statement of the case; summary of argument; and argument section. *See* Pa.R.A.P. 2114-2119. Most significantly, it contains no coherent legal argument, and no citation to any legal authority whatsoever. *See* Pa.R.A.P. 2119(a)-(c) (mandating that argument be divided into as many parts as there are questions to be argued, and that each point be supported

---

[2] Although the trial court did not order Father to file a concise statement of errors complained of on appeal, he filed a statement on April 26, 2017. The court entered an opinion on August 21, 2017. *See* Pa.R.A.P. 1925.

by pertinent legal authority and reference to record). Instead, Father's brief sets forth his "opinion" of the case, and lists a series of allegations regarding Mother's purported abuse of the Children, along with bald criticisms leveled at the trial court. (Father's Brief, at 1; *see id.* at 2-4) (capitalization omitted).

We acknowledge that Father has filed his brief *pro se*, but have stated the following in such circumstances:

> While this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, . . . appellant is not entitled to any particular advantage because [he] lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.
>
> . . . [W]e decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof.

*Branch Banking & Tr. v. Gesiorski*, 904 A.2d 939, 942–43 (Pa. Super. 2006) (citations and quotation marks omitted) (quashing appeal due to numerous defects in *pro se* brief).

Instantly, the defects in Father's brief are substantial and preclude this Court from conducting meaningful appellate review. Therefore, we quash this appeal. *See* Pa.R.A.P. 2101; *Branch Banking*, *supra* at 942-43.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/18