J-A15012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAUL D. GUNDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN R. YOST, JR. | : | |
| | : | |
| Appellant | : | No. 1936 MDA 2017 |

Appeal from the Judgment Entered November 17, 2017
In the Court of Common Pleas of York County
Civil Division at No(s):  2014-SU-001029-91

BEFORE:  PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.          **FILED: JANUARY 11, 2019**

John R. Yost appeals from the judgment entered in favor of Appellee Paul D. Gunder following an ejectment action. Yost's brief is disjointed, incomprehensible, and completely flouts the Rules of Appellate Procedure. Therefore, we dismiss this appeal.

Due to our disposition of this case, a detailed description of the underlying factual and procedural history is unnecessary.[1] Briefly, in April 2006, Yost signed a note for the purchase of a 47-acre parcel of land at 6921 Detters Mill Road in York County. The note, payable on or before June 1, 2018, was secured by a mortgage on the property. When Yost failed to conform to the terms of the note, the mortgagee filed a mortgage foreclosure action.

_____

[1] We direct the interested reader to the facts and procedural history set forth by a panel of this Court in Yost's previous appeal, **_Gunder v. Yost_**, No. 224 MDA 2016, 1-3 (Pa. Super. filed Sept. 22, 2016) (unpublished memorandum).

In March 2013, Gunder purchased the mortgage and substituted himself as plaintiff in the foreclosure action. Following a sheriff's sale, ejectment action, and an unsuccessful petition to set aside the sheriff's sale, the trial court granted Gunder's motion for summary judgment in relation to the ejectment action. As part of its order, the trial court awarded Gunder possession of the real estate as well as the funds held in escrow pursuant to Pa.R.C.P.D.J. 1008(b).[2] This timely appeal follows.

On appeal, Yost filed a 70 page brief with this Court, contesting everything from the underlying mortgage foreclosure action, the ejectment action, and alleged frauds perpetrated on the trial court by Gunder. However, the state of Yost's brief is such that we cannot conduct a meaningful review.

"When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." **Giant Food Stores, LLC v. THF Silver Spring Development, L.P.**, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Additionally,

> [w]hile this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent,

---

[2] In 2014, Yost appealed a magisterial district court order granting Gunder possession of the property. In order to remain in the property during the pendency of the litigation, Yost paid $600 per month into escrow with the prothonotary as supersedes pursuant to Pa.R.C.P.D.J. 1008(B). Because the ensuing appeal took years to resolve, the escrow account held $29,800 by the time the trial court released the funds to Gunder.

assume the risk that her lack of expertise and legal training will prove her undoing."

***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006) (citations omitted).

Here, Yost's brief violates the Rules of Appellate Procedure by failing to include a statement of the court's jurisdiction, this Court's scope and standard of review, a statement of the order in question, and a summary of his argument as required by Pa.R.A.P. 2111(a). Further, Yost fails to include a statement of place of raising or preservation of issues pursuant to Pa.R.A.P. 2117(c), and utterly fails to include citation to the record or discussion of and citation to authorities. ***See*** Pa.R.A.P. 2119(a),(c); ***see also Eichman v. McKeon***, 824 A.2d 305, 319 (Pa. Super. 2003) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority.")

Due to these substantial defects, we cannot conduct a meaningful review. Therefore, we find all of Yost's appellate issues waived and dismiss the appeal.

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/11/2019