J-S26014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAMIEN RAMIREZ :
:
Appellant : No. 1664 EDA 2018

Appeal from the Judgment of Sentence April 5, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000808-2017

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED SEPTEMBER 13, 2019**

Appellant, Damien Ramirez, challenges the judgment of sentence entered in Montgomery County Court of Common Pleas, following his convictions for possession of heroin with intent to deliver, possession of heroin, and possession of drug paraphernalia.[1] Ramirez contests the admissibility of video evidence and photographs derived from the video, and the Commonwealth's comments during closing argument. After careful review, we affirm.

In 2013, Detective Michael Markovich of the Pottstown Police Department arranged for a controlled buy with a confidential informant ("CI"). Markovich provided the CI with $20 to purchase heroin and a handheld camera

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] 35 Pa. C.S.A. §§ 780-113(a)(3), 780-113(a)(16), and 780-113(a)(32), respectively.

to record the transaction. Markovich then drove to the location of the controlled buy and observed Ramirez selling heroin to the CI.

At trial, the jury found Ramirez guilty of all charges. Based upon Ramirez's post-verdict motion for acquittal, the trial court found him not guilty of one count (out of two) of possession of a controlled substance and not guilty of one count (out of two) of drug paraphernalia. The court then sentenced Ramirez to 22-44 months' incarceration, followed by 5 years' probation, for possession and possession with intent to deliver.[2] The court also sentenced him to 1-year probation, from the date of sentencing, for possession of drug paraphernalia. Thereafter, Ramirez filed a post-sentence motion, which was denied. This timely appeal followed.

As an initial matter, we must address the deficiencies in Ramirez's appellate brief. Every appellate brief must conform to the fundamental requirements of the rules of appellate procedure. *See Commonwealth v. Perez*, 93 A.3d 829, 837 (Pa. 2014). Consequently, an appellant's claims are waived if they fail to contain developed argument or citation to supporting authorities and the record. *See Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-943 (Pa. Super. 2006).

In Ramirez's brief, he argues the following issues in conformity with the rules of appellate procedure: (1) the video evidence of the controlled buy was

---

[2] Possession of heroin with intent to deliver and possession of heroin merged for sentencing.

inadmissible; (2) the still photographs derived from the video were inadmissible; and (3) the prosecutor's comments during closing argument exceeded the scope of the trial testimony. *See* Appellant's Brief, at 8, 14, 16.[3] However, Ramirez also makes additional claims that the Commonwealth failed to establish the video's chain of custody and, in closing argument, the prosecutor bolstered a witness's credibility. *See id*, at 13, 16, 17. In contrast, these claims are without citations to supporting authorities and the record. Thus, we find that the additional claims are waived. *See Perez*, 93 A.3d at 837-838.

Ramirez first challenges the admissibility of the video evidence in his case. He maintains the Commonwealth did not properly authenticate the videotape because Detective Markovich, the authenticating witness, did not observe the CI travel to and from the location of the controlled buy. As such, Ramirez concludes this Court should reverse the trial court's decision. We disagree.

The admission of evidence is within the sound discretion of the trial court, and a trial court's evidentiary rulings will be reversed only upon an abuse of that discretion. *See Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015). Demonstrative evidence such as a video recording must be

---

[3] Ramirez technically violates the Rules of Appellate Procedure by presenting three distinct arguments but only listing two issues presented. *See* Pa.R.A.P. 2116. We decline to find Ramirez has waived any issue under the circumstances of this appeal, we remind counsel that the safest course is to include separate issues for each distinct argument presented.

properly authenticated to show that it is a fair and accurate representation of what it is purported to depict. **See Commonwealth v. Serge**, 896 A.2d 1170, 1177 (Pa. 2006). Therefore, testimony from a witness who observed the event or transaction is sufficient evidence to authenticate a videotape. **See id.**; **see also** Hon. Daniel J. Anders, *Ohlbaum on Pennsylvania Rules of Evidence*, § 901.08[5][e] Videotape (2016 ed.).

Here, as part of the Commonwealth's case in chief, the prosecutor introduced a video recording of the controlled buy between the CI and Ramirez, which the jury viewed. N.T., Trial, 10/17/17, at 37. Having observed the transaction, Detective Markovich testified as to the contents of the video recording. **See id**., at 41. During his testimony, Markovich identified Ramirez as the man in the video who was wearing a white t-shirt and talking to the CI. **See id**., at 43-44.

Although Markovich stated he did not see the hand-to-hand exchange of cash for drugs, he did testify that he saw Ramirez holding a bag, which the CI provided him with after the transaction concluded. **See id**., at 34-35. That bag, Markovich testified, contained heroin. **See id**., at 35. Accordingly, we find the Commonwealth produced sufficient evidence to authenticate the video recording of the controlled buy, and the trial court did not abuse its discretion in admitting the tape into evidence.

In Ramirez's next issue, he challenges the Commonwealth's introduction of photographs from the videotape of the controlled buy. He argues the photos derived from the video recording were inadmissible because the trial court did

not admit them into evidence at trial. *See* Appellant's Brief, at 14. Ramirez concludes the introduction of inadmissible evidence warrants the grant of a new trial. We disagree.

As with other types of demonstrative evidence such as photographs, the admissibility of evidence is within the sound discretion of the trial court. *See Commonwealth v. Christine*, 125 A.3d 394, 398 (Pa. 2015). It is not an abuse of discretion for the trial court to allow video evidence to be presented in a manner that would help the jury better visualize the events in question. *See Commonwealth v. Brown*, 134 A.3d 1097, 1106 (Pa. Super. 2016).

During closing argument, the Commonwealth sought to focus the jury's attention on relevant parts of the transaction between the CI and Ramirez by using still photographs taken from the video recording. N.T., Trial, 10/18/17, at 32-33. Because the trial court had already admitted the video recording into evidence, it was unnecessary for the Commonwealth to authenticate the still photographs derived from the video. Moreover, the trial court did not abuse its discretion by allowing the Commonwealth to show the still photographs in order to help the jury better visualize the controlled buy. *See Brown*, 134 A.3d at 1106.

Finally, Ramirez challenges the Commonwealth's assertions during closing argument that a hand-to-hand transaction occurred. Because Detective Markovich testified he did not actually see an exchange of money for drugs, Ramirez maintains the Commonwealth's argument on that point

exceeded the scope of the trial testimony. **See** Appellant's Brief, at 15. We disagree.

It is well settled a prosecutor has considerable leeway during his closing argument to advocate his case, respond to arguments of opposing counsel, and fairly present the Commonwealth's version of evidence to the jury. **See Commonwealth v. Cooper**, 941 A.2d 655, 668 (Pa. 2007). A prosecutor's arguments are fair if supported by the evidence or reasonably inferred therefrom. **See Commonwealth v. Caldwell**, 117 A.3d 763, 774 (Pa. Super. 2015). Accordingly, prosecutorial misconduct will not be found where comments were based upon the evidence or in response to defense arguments. **See Commonwealth v. Judy**, 978 A.2d 1015, 1020 (Pa. Super. 2009).

Here, there is sufficient evidence to infer that a hand-to-hand transaction occurred between Ramirez and the CI. By his own admission, Detective Markovich testified he did not directly observe the hand-to-hand exchange. N.T., Trial, 10/17/17, at 33. However, Markovich testified at trial that the CI, after meeting with Ramirez, provided him with a bag containing heroin. **See id**., at 35. Based upon this fact, the Commonwealth's argument that a hand-to-hand transaction took place was reasonably inferred from the evidence. **See Caldwell**, 117 A.3d at 774. Any of the identified issues with Detective Markovich's testimony presented a question as to the weight, not sufficiency, of the evidence presented. As a result, the Commonwealth's argument in closing did not exceed the scope of the trial testimony.

As Ramirez is due no relief on any of his issues, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/19