**BRANCH BANKING AND TRUST, Appellee,**

v.

**Gerald J. GESIORSKI and Dawn S. Gesiorski, Appellants.**

Superior Court of Pennsylvania.

Submitted May 8, 2006.
Filed July 25, 2006.

---

9. Obviously, Nationwide was not prepared to pay what it believed to be Yacono's portion of the fees.

Gerald J. and Dawn S. Gesiorski, appellants, Pro Se.

Patricia Oliver, Winston Salem, N.C., for Branch Banking, appellee.

Stephen C. Nudel and Andrew T. Kravitz, Harrisburg, for Nudel and Kravitz, appellees.

BEFORE: JOYCE, BENDER and JOHNSON, JJ.

OPINION BY BENDER, J.:

¶ 1 Gerald J. Gesiorski and Dawn S. Gesiorski (Appellants) appeal *pro se* from the order entered September 27, 2005, granting Branch Banking and Trust's (Branch) motion for judgment on the pleadings and ordering that Appellants be ejected from the real property identified as 894 Hershey Heights Road, Penn Township, York County, Pennsylvania. For the reasons that follow, we quash this appeal.[1]

¶ 2 The following factual and procedural history of the case was gleaned from this Court's review of the certified record and from the brief filed by Branch. The property at the center of this dispute is the residence of Appellants. Branch obtained title to the property after a sheriff's sale, which was held on December 13, 2004. The deed received by Branch from the sheriff was duly recorded. Previously, a writ of execution was issued pursuant to a judgment entered in Branch's favor following a

---

1. In light of our decision to quash this appeal, Branch's Motion to Limit Appeal has become moot.

mortgage foreclosure action from which no appeal was taken by Appellants. Branch filed the complaint in ejectment on March 7, 2005, to which Appellants filed an answer. Branch then filed preliminary objections, requesting that parts of Appellants' answer be stricken. In an order dated May 27, 2005, the trial court did strike portions of Appellants' answer. Then on August 15, 2005, Branch filed a motion for judgment on the pleadings that the court granted by an order entered on September 27, 2005. That order included the ejectment of Appellants from the property.

¶ 3 Appellants filed a *pro se* appeal from the September 27, 2005 order; however, because of the deficiencies in Appellants' brief, we are unable to discern what issues they wish to raise or the arguments they wish to present to this Court. To begin, we refer Appellants to the general rule that requires that briefs conform to the Pennsylvania Rules of Appellate Procedure. Rule 2101 states:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

¶ 4 We also bring Rule 2111 to Appellants' attention. That rule provides:

**Rule 2111.  Brief of the Appellant**

(a) **General rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matter, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Argument for appellant.

(8) A short conclusion stating the precise relief sought.

(9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

(b) **Opinions below.** There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved....

Pa.R.A.P. 2111.

¶ 5 In addition to a table of contents, Appellants' brief contains a section entitled "Appellants Verified Brief" which sets forth 23 numbered paragraphs, a few of which state facts about what occurred previously in this case. However, most of the paragraphs aver that Branch and/or the various judges who sat on this case committed errors relating to the foreclosure action, the confession of judgment, and the sheriff's sale, contending that these actions rose to the level of criminal acts. Appellants also allege that improper legal fees were awarded to Branch, and that a con-

flict of interest existed with regard to a motions judge.

¶ 6 The next section of Appellants' brief is entitled "Argument" and contains many of the same allegations as the earlier section of their brief, albeit in paragraph form without numbers. Part of this discussion asserts that there is a "failure of these Judges to adhere to their Judicial Code of Professional Conduct...." Appellants' brief at 5. The rest of the sections in Appellants' brief are entitled "Conclusion," "Prayer," "Attest" and "Certificate of Service." Attached to their brief, Appellants' have included a document entitled "Memorandum of Law in Support of Appellants['] Verified Brief," which with reference to "PA TITLE 21" and "PA TITLE 41" attacks the conveyance of the property at the sheriff's sale and the "taking of property by Confession of Judgment." *Id.* at 2m. None of the sections of the brief contain references to the record or to case law. *See* Pa.R.A.P. 2117(a)(4) and Pa. R.A.P. 2119(b).

■ ¶ 7 This review of Appellants' brief evidences almost a complete failure to abide by the Pennsylvania Rules of Appellate Procedure. In fact, the only two required sections that appear in Appellants' brief are the argument and conclusion sections. We find most troubling that Appellants have failed to include a "Statement of Questions Involved." Rule 2116, which is entitled "Statement of Questions Involved" provides in pertinent part that:

> The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. **This rule is to be considered in the highest degree mandatory, admitting of no exception: ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.**

Pa.R.A.P. 2116 (emphasis added).

¶ 8 Recognizing that Appellants have ignored the Pennsylvania Rules of Appellate Procedure by failing to include most of what the rules require, including, *inter alia,* our scope and standard of review, the order appealed from and its accompanying opinion, and what questions they wish this Court to resolve, we conclude that we are unable to conduct a meaningful review.

■ ¶ 9 Beyond this, it is apparent that Appellants have handled most of this case without legal representation; therefore, they argue in their "rebuttal brief" that this Court should overlook the form of their brief and review the substance of their complaints. Noting that under the circumstances we are unable to do so, we rely on our Court's discussion in *Commonwealth v. Rivera,* 454 Pa.Super. 451, 685 A.2d 1011 (1996), wherein we stated:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

*Id.* at 1013 (quoting *O'Neill v. Checker Motors Corp.,* 389 Pa.Super. 430, 567 A.2d 680, 682 (1989)). The *Rivera* court concluded that "we decline to become the appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a

Court will not consider the merits thereof." *Id.* (quoting *Commonwealth v. Sanford,* 299 Pa.Super. 64, 445 A.2d 149, 150 (1982)).

¶ 10 Similarly, we are compelled to quash this appeal due to the numerous defects in Appellants' brief, which we conclude prevent us from conducting a meaningful review.

¶ 11 Appeal quashed.