J-S32012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALVIN NELSON | |
| Appellant | No. 924 WDA 2013 |

Appeal from the PCRA Order April 25, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0011148-2008
CP-02-CR-0016877-2008
CP-02-CR-0019122-2009

BEFORE:  PANELLA, J., DONOHUE, J., and ALLEN, J.

MEMORANDUM BY PANELLA, J.:                    **FILED AUGUST 5, 2014**

Appellant, Alvin Nelson, appeals *pro se* from the order entered by the Honorable Anthony M. Mariani, Court of Common Pleas of Allegheny County, that dismissed Nelson's petition pursuant to the Post Conviction Relief Act ("PCRA").  After careful review, we quash due to substantial defects in Nelson's brief on appeal.

Nelson was charged with a plethora of offenses arising from conduct related to narcotics trafficking and associated criminal activities.  On May 23, 2011, Nelson pled guilty to two counts of possession with intent to deliver narcotics, and one count of carrying a firearm without a license pursuant to a negotiated plea agreement with the Commonwealth.  In exchange, Nelson

was sentenced to an aggregate term of imprisonment of 7 to 14 years, and a consecutive term of 5 years' probation.

On June 6, 2012, Nelson filed a *pro se* PCRA petition, and the PCRA court appointed counsel to represent Nelson. On October 17, 2012, appointed counsel filed a motion to withdraw as counsel and no-merit letter, which the PCRA court granted on October 23, 2012. On November 16, 2012, Nelson filed an amended PCRA petition, to which the Commonwealth responded. On April 25, 2013, the PCRA court dismissed Nelson's amended PCRA petition. This timely, *pro se*, appeal followed.

Nelson's appellate brief submitted to this Court contains substantial defects, which hamper meaningful appellate review of his claims. We need not catalog them here, but note the following significant defects in Nelson's brief: lack of statement of jurisdiction; lack of statement of both the scope and standard of review; lack of a statement of issues presented; lack of summary of argument, and failure to attach a copy of the lower court's opinion or statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **See** Pa.R.A.P. 2111.

More importantly, Nelson's legal argument is wholly undeveloped. It contains no citations to authorities, and therefore no attempt to apply any authorities to the present case. **See** Pa.R.A.P. 2119(b). By and large, Nelson's brief consists of one and one-half handwritten pages of Nelson's assertions that every counsel appointed to represent him "deliberately

sabotaged the defense" of his case. It further lacks any explication of the issues he seeks to raise on appeal.

"When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." **Giant Food Stores, LLC v. THF Silver Spring Development, L.P.**, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-943 (Pa. Super. 2006).

We are therefore compelled to quash this appeal as the numerous and serious defects in the brief prevent us from conducting a meaningful review.[1]

Appeal quashed. Jurisdiction relinquished.

---

[1] "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." **Gesiorski**, 904 A.2d at 942 (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/5/2014</u>