J-S22007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSEPH PIOLE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAVID NICELY, NICELY CONTRACTING | |
| Appellee | No. 645 WDA 2014 |

Appeal from the Judgment Entered March 24, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR-12-004250

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 29, 2015**

Appellant, Joseph Piole, appeals *pro se* from the judgment entered in favor of Appellee, David Nicely, Nicely Contracting, on March 24, 2014, in the Court of Common Pleas of Allegheny County.  We dismiss the appeal.

The *pro se* brief Appellant has submitted to this Court substantially fails to conform to the basic requirements of appellate advocacy.  Appellant's Brief does not include: (1) a statement of jurisdiction; (2) a copy of the order or other determination in question; (3) statements of the scope and standard of review; (4) a statement of the questions involved; (5) a statement of the case; (6) a summary of the argument; (7) a short

_____

[*] Retired Senior Judge assigned to the Superior Court.

conclusion stating the precise relief sought; or (8) a copy of the Rule 1925(b) statement. **See** Pa.R.A.P. 2111(a). The argument section of Appellant's brief, such as it is, is not "divided into as many parts as there are questions to be argued" and contains no "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

Indeed, the argument section of Appellant's six-page appellate brief contains not a *single* citation to supporting case law or other relevant legal authority. Correspondingly, there is no developed legal argument in the entirety of Appellant's brief. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Eichman v. McKeon***, 824 A.2d 305, 319 (Pa. Super. 2003). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-943 (Pa. Super. 2006).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." ***Id***. at 942 (citation omitted). In the present case, even a liberal construction of Appellant's brief cannot remedy

the serious inadequacies. Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's brief, which hampered our ability to conduct meaningful appellate review. *See* Pa.R.A.P. 2101.

Appeal dismissed.

Judge Lazarus joins in the memorandum.

Judge Strassburger files a dissenting memorandum.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/2015