J-S22006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CREA EXCAVATING, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH A. PIOLE | |
| Appellant | No. 644 WDA 2014 |

Appeal from the Judgment Entered April 4, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-11-010572

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J.                **FILED June 1, 2015**

Appellant, Joseph A. Piole, appeals *pro se* from the judgment entered in favor of Appellee, Crea Excavating, Inc., on April 4, 2014, in the Court of Common Pleas of Allegheny County.  We dismiss the appeal.

The *pro se* brief Appellant has submitted to this Court substantially fails to conform to the basic requirements of appellate advocacy.  Appellant's Brief does not include: (1) a statement of jurisdiction; (2) statements of the scope and standard of review; (3) a statement of the questions involved; and (4) a copy of the Rule 1925(b) statement.  **See** Pa.R.A.P. 2111(a).

Most notably, the argument section of Appellant's 35-page appellate brief contains only a *single* citation to supporting case law, without

---

[*] Retired Senior Judge assigned to the Superior Court.

elaboration or analysis.  **See** Appellant's Brief at 18.  Correspondingly, there is no developed legal argument in the entirety of Appellant's brief.  "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority."  **Eichman v. McKeon**, 824 A.2d 305, 319 (Pa. Super. 2003).  Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof."  **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-943 (Pa. Super. 2006).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing."  **Gesiorski**, 904 A.2d at 942 (citation omitted).  In the present case, even a liberal construction of Appellant's brief cannot remedy the serious inadequacies.  Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's brief, which hampered our ability to conduct meaningful appellate review.  **See** Pa.R.A.P. 2101.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2015