J-A10006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LENA SUE CARPENTER | |
| Appellant | No. 1474 WDA 2014 |

Appeal from the Judgment of Sentence August 1, 2014
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-05-CR-0000402-2013

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PANELLA, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED JULY 07, 2016**

Appellant, Lena Sue Carpenter, appeals from the judgment of sentence entered August 1, 2014, in the Court of Common Pleas of Bradford County, following her conviction of Theft by Unlawful Taking – Moveable Property, 18 Pa.C.S.A. § 3921(a). No relief is due.

A jury convicted Appellant of theft of a dog, graded as a misdemeanor of the third degree. The trial court sentenced Appellant to twelve months' probation. Appellant thereafter filed timely post-sentence motions, which the trial court denied. This timely appeal followed.

Appellant raises the following issues for our review:

1. Is the trial court permitted to allow the prosecution to go beyond the scope of direct and use fourth amendment suppressed evidence to impeach the witness' [sic] credibility?

2. Was the evidence offered by the defendant through Liz LaFrance that the victim had pointed a shotgun at her and

that Carrie Megginson knew of it inadmissible to show Carrie Megginson's state of mind when she fled their farm?

3. Was the prosecution improperly permitted to use witness Carrie Megginson's arrest but not conviction to impeach her?

Appellant's Brief at iv.

Preliminarily, we are constrained to note several serious deficiencies in Appellant's brief.[1] Appellant does not include a statement of both the scope of review and standard of review or a summary of the argument, in violation of our Rules of Appellant Procedure. The statement of the case, such that it is, consists of three terse sentences that provide virtually no useful information. Appellant's brief is replete with spelling and typographical errors. Most egregiously, the argument portion of Appellant's brief does not contain a single citation to any supporting case law, but relies solely upon

_____

[1] The deficiencies are surprising given the inordinate amount of time counsel had to file the brief. Barbara L. Weiss, Esquire, entered her appearance on Appellant's behalf on April 10, 2015. Concurrent with her entry of appearance, Attorney Weiss filed a motion for extension of time to file a brief. On April 14, 2015, this Court entered an order granting a 60-day extension. On June 17, 2015, Attorney Weiss filed another request for an extension of time to file the merits brief, which this Court granted by order entered June 24, 2015. That second extension granted another 60 days. Attorney Weiss failed to file a brief. Accordingly, on September 24, 2015, this Court entered an order dismissing the appeal. On October 2, 2015, Attorney Weiss filed a "motion to reconsider dismissal," claiming that she "requested an extension … but never received a response." Motion to Reconsider Dismissal, 10/2/15, at ¶ 3. A nine-page merits brief was finally filed on October 23, 2015—six months and nine days after the first extension of time. The brief is signed not by Attorney Weiss, but by her partner, Thomas A. Crawford, Jr., Esquire.

sparse citation to statutory authority. Correspondingly, the argument Appellant advances in support of her claims is largely undeveloped.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Eichman v. McKeon***, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-943 (Pa. Super. 2006) (citations omitted; brackets in original).

In the present case, even a liberal construction of Appellant's brief cannot remedy the serious inadequacies. We are therefore compelled to find Appellant's undeveloped issues waived on appeal. We note in the alternative that, even if we were to review Appellant's issues raised on appeal we would not afford relief, but would affirm the trial court's evidentiary rulings.

Judgment of sentence affirmed.

J-A10006-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/7/2016