J-S28011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EMILY TAYLOR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LORETTA WARREN, | |
| Appellee | No. 973 WDA 2016 |

Appeal from the Order of May 26, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR 15-2036

BEFORE:  OLSON, MOULTON and STRASSBURGER,* JJ.

JUDGMENT ORDER BY OLSON, J.:                    **FILED MAY 3, 2017**

Appellant, Emily Taylor, appeals *pro se* from the order entered on May 26, 2016.  We dismiss the appeal.

The factual background and procedural history of this case are as follows.  On August 13, 2014, Loretta Warren ("Warren") pled guilty to stealing Appellant's car.  Thereafter, Appellant filed a complaint against Warren in Magisterial District Court 05-2-06 seeking to recover for damage done to the car when it was stolen.  On March 30, 2015, the Magisterial District Court entered judgment in favor of Appellant and against Warren in the amount of $1,800.00 plus costs.  Warren appealed that decision to the Court of Common Pleas of Allegheny County.  On October 1, 2015, a board of arbitrators found in favor of Warren and against Appellant.  Warren, believing she lost before the board of arbitrators, appealed that ruling and

_____

* Retired Senior Judge assigned to the Superior Court

sought a trial *de novo* before a commissioned judge of the Court of Common Pleas of Allegheny County.

Both Warren and Appellant appeared at a hearing before the trial court on May 26, 2016. The trial court explained to Warren that she prevailed before the board of arbitrators. The trial court then entered an order permitting Warren to withdraw her appeal. Appellant then appealed to this Court.

Appellant's brief fails to comply with several Pennsylvania Rules of Appellate Procedure. ***See, e.g.***, Pa.R.A.P. 2111, 2114, 2116, 2117, and 2119. "[W]e decline to become the appellant's counsel. When . . . briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." ***Branch Banking & Trust v. Gesiorski***, 904 A.2d 939, 942–943 (Pa. Super. 2006) (internal alteration and citation omitted). Although we could discuss the deficiencies with respect to each rule of court listed above, we focus on Pennsylvania Rule of Appellate Procedure 2116, which provides that "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a); ***see Lance v. Wyeth***, 85 A.3d 434, 462 (Pa. 2014). The lack of a statement of questions involved, along with the other deficiencies, renders Appellant's brief "wholly inadequate to present specific

issues for review." **Gesiorski**, 904 A.2d at 942. Therefore, pursuant to Pennsylvania Rule of Appellate Procedure 2101,[1] we dismiss the appeal.[2]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2017

---

[1] Pennsylvania Rule of Appellate Procedure 2101 provides that:

> Briefs . . . shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, . . . if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

[2] Even if we did not dismiss this appeal, Appellant would not be entitled to relief. She did not object to the trial court permitting Warren to withdraw her appeal. Accordingly, any argument that the trial court erred by permitting Warren to withdraw her appeal is waived. **See** Pa.R.A.P. 302(a). Moreover, Appellant did not appeal the board of arbitrators' award in favor of Warren within 30 days as required by Pa.R.Civ.P. 1308. Thus, any argument regarding the merits of the board of arbitrators' award is waived.