J-S41020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM H. PIERCE | : | |
| | : | |
| Appellant | : | No. 47 EDA 2018 |

Appeal from the PCRA Order November 28, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004458-1997

BEFORE: GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY OLSON, J.: **FILED AUGUST 15, 2018**

Appellant, William H. Pierce, appeals *pro se* from the November 28, 2017 order denying his third petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We dismiss the appeal.

On May 3, 2000, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole after he was convicted of second-degree murder and several other offenses. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal. **Commonwealth v. Pierce**, 799 A.2d 173 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 815 A.2d 1041 (Pa. 2002).

On January 28, 2004, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. The PCRA court denied the petition, this Court affirmed that denial, and our Supreme Court denied

_____

* Former Justice specially assigned to the Superior Court.

allowance of appeal. **Commonwealth v. Pierce**, 961 A.2d 1281 (Pa. Super. 2008), *appeal denied*, 966 A.2d 549 (Pa. 2009). On December 14, 2014, Appellant filed a second *pro se* PCRA petition. Counsel was appointed and, on October 2, 2015, the PCRA court dismissed the petition. This Court affirmed. **Commonwealth v. Pierce**, 154 A.3d 843, 2016 WL 4939070 (Pa. Super. 2016) (unpublished memorandum).

On June 17, 2017, Appellant filed a document that the PCRA court properly construed as his third *pro se* PCRA petition. On November 28, 2017, the PCRA court dismissed the petition. This timely appeal followed.

Instead of filing a brief that complies with the Pennsylvania Rules of Appellate Procedure, Appellant filed a rambling document that discusses the ides of March and other matters unrelated to this case. This brief fails to comply with several Pennsylvania Rules of Appellate Procedure. **See, e.g.**, Pa.R.A.P. 2116, 2117, 2118, and 2119.

"We decline to become the appellant's counsel. When . . . briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking & Trust v. Gesiorski**, 904 A.2d 939, 942–943 (Pa. Super. 2006) (cleaned up). Although we could discuss the deficiencies with respect to each rule of court listed above, we focus on Pennsylvania Rule of Appellate Procedure 2116, which provides that "No question will be considered unless it is stated in the statement of questions

involved or is fairly suggested thereby." Pa.R.A.P. 2116(a); **see Lance v. Wyeth**, 85 A.3d 434, 462 (Pa. 2014).

The lack of a statement of questions involved, along with the other deficiencies, renders Appellant's brief "wholly inadequate to present specific issues for review." **Gesiorski**, 904 A.2d at 942. Therefore, pursuant to Pennsylvania Rule of Appellate Procedure 2101, we dismiss the appeal.[1]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/18

---

[1] Pennsylvania Rule of Appellate Procedure 2101 provides that:

> Briefs . . . shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, . . . if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.