J-A12017-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LADONNA M. MORTON | : | |
| | : | |
| Appellant | : | No. 574 WDA 2018 |

Appeal from the Order Entered April 18, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000234-2018

BEFORE: BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.: FILED MAY 8, 2019

Appellant, Ladonna M. Morton, appeals pro se from the April 18, 2018 Judgment of Sentence entered in the Allegheny County Court of Common Pleas following her conviction of Disorderly Conduct, 18 Pa.C.S. § 5503(a)(1). We dismiss this appeal.

The pro se Brief Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. Appellant's Brief does not include: (1) the text of the order in question; (2) statements of the scope and standard of review; and (3) a copy of her Rule 1925(b) Statement. See Pa.R.A.P. 2111(a).

Most notably, the argument section of Appellant's Brief contains only one sentence and is devoid of any citation to case law or to the record. See Appellant's Brief at 7. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and

analysis of pertinent authority." Eichman v. McKeon, 824 A.2d 305, 319 (Pa. Super. 2003). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." Branch Banking and Trust v. Gesiorski, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).

"While this court is willing to liberally construe materials filed by a pro se litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." Id. at 942 (citation omitted). In the present case, even a liberal construction of Appellant's Brief cannot remedy the serious inadequacies. Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's Brief, which hampered our ability to conduct meaningful appellate review. See Pa.R.A.P. 2101.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2019

- 2 -