J-A24017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC. D/B/A CHAMPION MORTGAGE COMPANY | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| REBECCA A. WILLIAMS , ERMA MCMILLAN, ET AL. | : : : : : | No. 3143 EDA 2018 |
| APPEAL OF:  ERMA MCMILLAN | : | |

Appeal from the Order Entered October 16, 2018
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2015-002965

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

JUDGMENT ORDER BY DUBOW, J.:                **FILED OCTOBER 18, 2019**

Appellant, Erma McMillan, appeals from the October 16, 2018 Order entered in the Delaware County Court of Common Pleas granting summary judgment in favor of Appellee, Nationstar Mortgage, LLC.  After careful review, we dismiss this appeal.

The *pro se* Brief Appellant has submitted to this Court fails to conform to the basic requirements of advocacy.  Appellant's Brief does not include a copy of Appellant's Rule 1925(b) Statement or the trial court's Opinion.  **See** Pa.R.A.P. 2111.  Most notably, although Appellant included only two issues in her Statement of Questions Involved, she later enumerated six "issues on

---

[*] Retired Senior Judge assigned to the Superior Court.

appeal," and subdivided her Brief into 16 separate argument sections, which cite almost exclusively to authority that is not binding on this Court. **See** Pa.R.A.P. 2119 ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"); Appellant's Brief at 8-9, 13, 21-72. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Eichman v. McKeon**, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citations omitted).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our Supreme Court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." **Id.** at 942 (citation omitted). In the present case, even a liberal construction of Appellant's Brief cannot remedy the serious inadequacies. Accordingly, we dismiss the appeal due to the substantial

briefing defects in Appellant's Brief, which has hampered our ability to conduct meaningful appellate review.  *See* Pa.R.A.P. 2101.

Appeal dismissed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/19