J-A03018-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| FIRST NATIONAL BANK OF PA, BY MERGER W/METRO BANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLASS E. HOWARD, JR.; ERICA STRANG, AND ALL OCCUPANTS LOCATED AT 400 BEAVER ROAD, HARRISBURG, PA 17112 | : | No. 577 MDA 2019 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: ERICA STRANG | : | |

Appeal from the Order Entered March 29, 2019
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2017 CV 5750 EJ

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.: FILED MARCH 17, 2020

Appellant, Erica Strang, appeals from the March 29, 2019 Order entered in the Dauphin County Court of Common Pleas granting First National Bank of PA's Motion for Judgment on the Pleadings. We dismiss this appeal.

The pro se Brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. In her Brief, Appellant has not made any effort to comply with any of the requirements of Pa.R.A.P. 2111(a). See Pa.R.A.P. 2111(a) (listing the items that an appellant must include in her appellate brief).

Most notably, the argument section of Appellant has not articulated the trial court's alleged error, and her Brief is devoid of any citation to case law or

to the record. See Appellant's Brief at 1-3 (unpaginated). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." Eichman v. McKeon, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). See Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." Branch Banking and Trust v. Gesiorski, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). See Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

"While this court is willing to liberally construe materials filed by a pro se litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training." Id. at 942 (citation omitted). "As our [S]upreme [C]ourt has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." Id. (citation omitted).

In the present case, even a liberal construction of Appellant's Brief cannot remedy the serious inadequacies. Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's Brief, which hamper our ability to conduct meaningful appellate review. See Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/17/2020