J-A03016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| METRO BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLASS E. HOWARD, JR., | : | |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| MARGARET A. HOWARD, AND ALL | : | No. 17 MDA 2019 |
| UNKNOWN HEIRS TO THE ESTATE | : | |
| OF MARGARET A. HOWARD, | : | |
| DECEASED | : | |
| | : | |
| | : | |
| APPEAL OF:  DOUGLASS E. | : | |
| HOWARD, JR. | | |

Appeal from the Order Entered November 16, 2018
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2014 CV 7968-MF

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 08, 2020**

Appellant, Douglass Earl Howard, Jr., appeals *pro se* from the November 16, 2018 Order entered in the Dauphin County Court of Common Pleas in this mortgage foreclosure action.  In the November 16, 2018 Order, the trial court determined that: (1) the July 20, 2016 transfer of real property from the Estate of Margaret A. Howard by Appellant, as administrator of the Estate, to himself was invalid; and (2) Appellant does not have a personal interest in the property and is, thus, prohibited from proceeding *pro se*.  We dismiss this appeal.

The *pro se* Brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. Appellant's Brief does not include: (1) the full text of the Order in question; (2) accurate statements of the scope and standard of review; and (3) a copy of his Rule 1925(b) Statement. **See** Pa.R.A.P. 2111(a) (listing required contents for appellate briefs).

Most notably, the argument section of Appellant's Brief, while voluminous, is devoid of any citation to case law or to the record. **See** Appellant's Brief at 11-39. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Eichman v. McKeon**, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). **See** Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). **See** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." **Id.** at 942 (citation omitted) "As our [S]upreme [C]ourt has explained, any layperson choosing to represent

[himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." *Id.* (citation omitted).

In the present case, even a liberal construction of Appellant's Brief cannot remedy the serious inadequacies. Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's Brief, which hamper our ability to conduct meaningful appellate review. *See* Pa.R.A.P. 2101.[1]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/08/2020

---

[1] Even if the substantial defects in Appellant's Brief had not rendered his issues waived, based on our review of the trial court's November 16, 2018 Memorandum Opinion, we conclude that the issues lack merit as the trial court, upon remand from this Court, properly concluded, that: (1) Appellant's transfer of the subject property from the estate to himself was invalid, and (2) Appellant, therefore, lacked a personal interest in the property and was prohibited from acting on his own behalf to set aside the sale of the property. *See* Trial Ct. Op., 11/16/18, at 3-5.