**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL R. NAVARRE, M.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HIGHMARK, INC. D/B/A HIGHMARK, | : | No. 1014 WDA 2020 |
| AND ACTING AS AGENTS OF | : | |
| MEDICARE AND MEDICAID IN | : | |
| PENNSYLVANIA; AND UPMC D/B/A | : | |
| UPMC HEALTH PLAN AND UPMC | : | |
| INSURANCES DIVISION, AND | : | |
| ACTING AS AGENTS OF MEDICARE | : | |
| AND MEDICAID IN PENNSYLVANIA | : | |

Appeal from the Order Dated September 4, 2020
In the Court of Common Pleas of Cambria County Civil Division at No(s):
No. 2020-1973

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED: MARCH 18, 2021**

Appellant, Daniel R. Navarre, M.D., appeals *pro se* from the September 4, 2020 Order sustaining the Preliminary Objections filed by Appellees, Highmark Inc. ("Highmark") and UPMC and UPMC Health Plan ("UPMC") and dismissing Appellant's Complaint with prejudice in this Breach of Contract Action.  We dismiss this appeal.

The relevant facts and procedural history are as follows.  Appellant was a plastic surgeon.  In 2018, following an investigation by the Pennsylvania Office of the Attorney General into Appellant's improper and fraudulent billing practices, Appellant entered a guilty plea to one count each of Provider

Prohibited Acts—False Information/Claims and Insurance Fraud. The trial court sentenced Appellant to a term of house arrest followed by probation and to pay costs and restitution in the amount of $288,974 to UPMC Health Plan, Highmark, Medicaid, and Medicare.

On May 21, 2020, Appellant commenced this *pro se* Breach of Contract action against Appellees in which he principally sought repayment of the restitution he paid to Appellees as part of the sentence imposed following his guilty plea.

Both Highmark and UPMC filed, separately, Preliminary Objections to Appellant's Complaint. Appellees asserted that Appellant had failed to state a Breach of Contract claim because he could not set forth sufficient facts to satisfy the elements of the claim—including the existence of a contract between the parties. They further asserted that Appellant's claim improperly relied on a collateral attack of his criminal conviction and that punitive damages are not available in Breach of Contract actions.

On July 16, 2020, Appellant filed a separate Response to each of the Preliminary Objections, arguing that his claim was viable and that his prior guilty plea from his criminal case did not bar his civil claim because "the charges [underlying the plea] were fabricated and false." ***See***, ***e.g.***, Response to UPMC's Preliminary Objections, 7/16/20, at 7 (unpaginated)

Following oral argument on the Preliminary Objections, on September 4, 2020, the trial court sustained the Preliminary Objections and dismissed Appellant's Complaint. As to UPMC, the court determined that no contract

existed between UPMC and Appellant. The trial court also found that "the case law precludes [Appellant] from using this civil forum to litigate unfavorable criminal proceedings[.]" Opinion, 9/4/20, at 3.

This *pro se* appeal followed. Appellant filed a court-ordered Rule 1925(b) Statement. The trial court filed a Rule 1925(a) Opinion directing this Court to its September 4, 2020 Opinion and Order.

The *pro se* Brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. Appellant's Brief does not include: (1) any statement of the scope and standard of review;[1] (2) a statement of questions involved; and (3) a copy of his Rule 1925(b) Statement. **See** Pa.R.A.P. 2111(a) (listing required contents for appellate briefs).

Most notably, the argument section of Appellant's Brief is devoid of any citation to the record or relevant controlling case law applied and analyzed under the facts of this case. See Appellant's Brief at 13-24 (unpaginated). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Eichman v. McKeon**, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). **See** Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument

---

[1] Appellant's Brief includes a section entitled "Standard of Review," which consists of a series of paragraphs identified as either "Law," "Fact," or "Fact/Law" but does not does not include any case law setting forth this Court's scope or standard of review over orders sustaining preliminary objections. Appellant's Brief at 24-27 (unpaginated).

- 3 -

requirements for appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation and brackets omitted). ***See*** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." ***Gesiorski***, at 942 (citation omitted). "As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Id.*** (citation omitted).

In the present case, even a liberal construction of Appellant's Brief cannot remedy the serious inadequacies. Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's Brief, which hamper our ability to conduct meaningful appellate review. ***See*** Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2021