J-S07003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MIJA HYON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YOUN O. WHANG | : | |
| | : | |
| Appellant | : | No. 2162 EDA 2022 |

Appeal from the Order Entered July 21, 2022
In the Court of Common Pleas of Delaware County Civil Division at
No(s): 2022-004888

JUDGMENT ORDER PER CURIAM, J.:                    **FILED MARCH 14, 2023**

Appellant, Youn O. Whang, appeals *pro se* from the July 21, 2022 order entered in the Delaware County Court of Common Pleas denying her Petition for Leave to Appeal *Nunc Pro Tunc*. We dismiss this appeal.

The *pro se* brief that Appellant has submitted to this Court fails to conform to the basic requirements of appellate advocacy. In her Brief, Appellant has not made any effort to comply with any of the requirements of Pa.R.A.P. 2111(a). **See** Pa.R.A.P. 2111(a) (listing the items that an appellant must include in her appellate brief).

Most notably, Appellant's brief does not contain a statement of questions involved, a statement of the case, or any argument section in which Appellant has articulated the trial court's alleged error, and her Brief is devoid of any citation to case law or to the record. Instead, Appellant's more than 100-page brief consists of rantings against, among other things, "fake" judges and the

Coronavirus, references to prior legal proceedings in Philadelphia County and the federal bankruptcy courts, and attachments of orders and docket sheets from those proceedings.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." ***Eichman v. McKeon***, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). ***See*** Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). ***See*** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that [an] appellant is not entitled to any particular advantage because she lacks legal training." ***Branch Banking and Trust***, 904 A.2d at 942 (citation omitted). "As our [S]upreme [C]ourt has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing." ***Id.*** (citation omitted).

In the present case, even a liberal construction of Appellant's brief cannot remedy the serious inadequacies. Because of the brief's substantial defects, we are unable to conduct meaningful appellate review of the

Appellant's challenge to the trial court's order denying *nunc pro tunc* appellate

relief.  Accordingly, we dismiss the appeal.  **See** Pa.R.A.P. 2101.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/2023