J-S11001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF: D.I.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.N.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1227 WDA 2021 |

Appeal from the Decree Entered September 17, 2021
In the Court of Common Pleas of Erie County
Orphans' Court at No(s):  2021-00068

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF:  D.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.N.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1228 WDA 2021 |

Appeal from the Decree Entered September 17, 2021
In the Court of Common Pleas of Erie County
Orphans' Court at No(s):  68A in Adoption 2021

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED: APRIL 20, 2022**

A.N.S. ("Mother") appeals from the decrees terminating her parental rights to her children, D.I.S. (approximately seven-years-old) and D.S. (over four-years-old). On appeal, Mother contends the trial court erred by failing to acknowledge that she was making good faith efforts to comply with her court-ordered treatment plan. She also claims the trial court erred in finding that

termination of her parental rights served the best interests of the children. After careful review, we affirm.

In early 2020, Erie County Office of Children and Youth Services ("the Agency") was concerned about D.I.S. and D.S. because another of Mother's children had been placed in kinship care due to issues with Mother. The Agency lost contact with Mother, D.I.S., and D.S. for several months and initiated a search to locate them.

In June 2020, the Agency successfully located the children in Buffalo, New York. The children were living with relatives of their father. The Agency had both children returned to Erie County due to concerns of physical abuse and neglect at the hands of father's relatives. The Agency still could not locate Mother.

At the June 25, 2020 dependency hearing, Mother stipulated that the children were dependent due to Mother's leaving the children in the care of inappropriate individuals and her pending criminal charges. The reunification plan directed Mother to submit to urinalysis, participate in a drug and alcohol assessment as well as a mental health assessment, procure stable employment and housing, and comply with the Agency's guidelines.

On June 11, 2021, the Agency filed petitions to terminate Mother's rights to the children, alleging that Mother had failed to comply with the reunification

plan. After a hearing on the petitions, the trial court entered decrees terminating Mother's parental rights, and this timely appeal followed.[1]

On appeal, Mother claims the trial court erred in terminating her parental rights. We apply a deferential standard of review in appeals from orders terminating parental rights:

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

***In re T.S.M.***, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

Section 2511 of the Adoption Act governs the involuntary termination of parental rights. ***See*** 23 Pa.C.S.A. § 2511. It requires a bifurcated analysis:

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of

_____

[1] The trial court's decrees simultaneously terminated the parental rights of the children's biological father. The terminations of the father's parental rights are not subject to this appeal. Further, the trial court addressed both children in a single opinion on appeal, as the factors leading to termination of Mother's rights were not significantly different between the children.

the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted).

The Agency bore the burden of proving, by clear and convincing evidence, that the asserted grounds for seeking the termination of parental rights are valid. *See In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009). Moreover, "[t]he standard of clear and convincing evidence is defined as testimony that is so clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *Id.* (citation and internal quotation marks omitted).

Here, the court terminated Mother's parental rights to both children pursuant to Section 2511(a)(1), (a)(2), (a)(5), (a)(8) and (b). We need only agree with the court as to any one subsection of Section 2511(a), as well as Section 2511(b), to affirm. *See In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*).[2]

---

[2] Mother's brief on appeal only raises explicit arguments against the trial court's conclusions pursuant to subsection (a)(1), (a)(2), (a)(5), and (b). Other than a brief mention in her opening sentence, Mother does not reference the trial court's conclusion under (a)(8). We could therefore affirm the termination on the basis of (a)(8), as Mother has waived any challenge to that conclusion. *See Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-943 (Pa. Super. 2006) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific

We therefore address Mother's claim under subsection (a)(2). Under section 2511(a)(2), the Agency was required to establish, by clear and convincing evidence, that: (1) the parent's conduct demonstrates repeated and continued incapacity, abuse, neglect or refusal to assume parental responsibility for the child; (2) such incapacity, abuse, neglect or refusal caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being; and (3) the parent will not remedy the causes of the incapacity, abuse, neglect or refusal. *See In re Adoption of M.E.P.*, 825 A.2d 1266, 1272 (Pa. Super. 2003). The grounds for termination of parental rights under section 2511(a)(2) are not limited to affirmative misconduct; to the contrary, those grounds may include acts of refusal as well as incapacity to perform parental duties. *See In re A.L.D.* 797 A.2d 326, 337 (Pa. Super. 2002).

Here, the evidence was straightforward. The children were found to be dependent because Mother had voluntarily abandoned the children to the care of paternal relatives in Buffalo. *See* Dependency Petition of D.S., filed 6/17/20, at 4; N.T., IVT Hearing, 8/17/21, at 21. As part of the reunification plan, Mother was directed to submit to drug, alcohol, and mental health

---

issues for review[,] a Court will not consider the merits thereof"). In an abundance of caution, however, we will address Mother's challenge pursuant to subsection (a)(2).

assessments, obtain stable housing and employment, and otherwise comply with the Agency's recommendations. ***See*** N.T., IVT Hearing, 8/17/21, at 22.

As of the filing of the petitions to terminate Mother's rights, she had failed to have any contact with the Agency, and had not complied with any of the terms of the reunification plan. ***See id***., at 27-9, 31. By the time of the hearing, Mother had not had any visitation with the children for over a year and had not remedied any of the circumstances that led to the children being found dependent. ***See id***., at 36. Perhaps most importantly, Mother was incarcerated and was facing revocation of probationary sentences due to additional pending criminal charges. ***See id***., at 36-7.

Mother admitted she was incarcerated at the time of the hearing. ***See id***., at 94. She acknowledged that she was homeless before she was incarcerated. ***See id***. She also acknowledged she was unemployed before she was incarcerated. ***See id***., at 99. She testified that her failure to follow the Agency's treatment plans "was not a good decision on my part." ***Id***., at 101.

This evidence was sufficient to establish that Mother had displayed a continued course of neglect that caused the children to be without essential parental care. Mother's continued criminal conduct and failure to complete any of the requirements of the reunification plan support the trial court's conclusion that Mother cannot remedy this neglect going forward.

Mother argues the trial court failed to acknowledge her testimony that

> she was attempting to alleviate concerns that brought her children
> into care. [Mother] acknowledged that she had not followed the

- 6 -

court-ordered services; however, she was working with Safe Harbor and her [blended case manager] for mental health and drugs and alcohol. She ran into several setbacks due to the loss of her home due to fire and the onset of the pandemic, but she remained committed to wanting to reunify with her children.

Appellant's Brief, at 10. However, a review of the trial court's opinion on appeal reveals the court was aware of Mother's testimony. *See* Trial Court Opinion, 11/16/21, at 42-53. The court simply did not find Mother credible due to her history of crimes of dishonesty and conflicts between Mother's IVT testimony and the transcripts of previous hearings. *See id*., at 54. Mother does not provide any reason for this Court to conclude the trial court's credibility determinations were an abuse of discretion. We are therefore bound by those credibility determinations and Mother's first issue on appeal merits no relief.

We therefore turn to Mother's argument that the Agency failed to establish that termination was justified under Section 2511(b). Pursuant to Section 2511(b), the court was required to examine whether termination of parental rights would best serve the developmental, physical, and emotional needs and welfare of the children. *See In re C.M.S.*, 884 A.2d 1284, 1286-1287 (Pa. Super. 2005). "Intangibles such as love, comfort, security, and stability are involved in the inquiry into the needs and welfare of the child." *Id*., at 1287 (citation omitted).

Our Supreme Court has stated the following:

[I]f the grounds for termination under subsection (a) are met, a court shall give primary consideration to the developmental,

physical and emotional needs and welfare of the child. . . . In *In re E.M.*, 620 A.2d [481,] 485 [(Pa. 1993)], this Court held that the determination of the child's needs and welfare requires consideration of the emotional bonds between the parent and child. The utmost attention should be paid to discerning the effect on the child of permanently severing the parental bond.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (some citations and quotation marks omitted).

In a termination of parental rights case, the trial court is required to consider "whatever bonds may exist between the children and [the natural parent], as well as the emotional effect that termination will have upon the children." *In re Adoption of A.C.H.*, 803 A.2d 224, 229 (Pa. Super. 2002) (citation omitted). In conducting a bond analysis, the court is not required to use expert testimony. *See In re Z.P.*, 994 A.2d at 1121.

"The extent of any bond analysis, therefore, necessarily depends on the circumstances of the particular case." *In re K.Z.S.*, 946 A.2d 753, 763 (Pa. Super. 2008). The panel in *In re K.Z.S.* emphasized that, in addition to a bond examination, the court can equally emphasize the safety needs of the child. *See id*., at 760.

On appeal, Mother highlights testimony from her sister-in-law, H.S., who is D.S.'s foster parent.[3] Mother argues that H.S. acknowledged Mother

_____

[3] Mother's argument challenging the trial court's conclusion pursuant to Section 2511(b) does not reference D.I.S. at all. Therefore, Mother has technically abandoned any claim that the trial court erred in finding termination served D.I.S.'s best interests. Despite this failure, we will review

had a bond with D.S. **See** Appellant's Brief, at 11. However, H.S. also testified that, while D.S. is confused about his relationship with Mother, he would not suffer any ill effects from the termination of Mother's parental rights. **See** N.T., IVT Hearing, 8/17/21, at 86.

Further, the Agency caseworker involved in this case testified that neither child would suffer from termination of Mother's parental rights. **See** **id**., at 38-39. The caseworker expanded on this opinion by noting that it would be in the best interest of each child to terminate Mother's rights. **See id**. She reached this conclusion because the children are currently placed with two separate families and are therefore separated from each other. **See id**., at 55-6. Neither child is currently placed with a family that is considered a permanent resource. **See id**., at 48. Termination of Mother's parental rights would make it easier for the Agency to find an adoptive family for both children. **See id**., at 49.

Under these circumstances, Mother has not established that the trial court erred or abused its discretion. The court's finding that termination of Mother's parental rights was in the best interest of both children is well supported by the record. Mother's final argument on appeal therefore merits no relief.

_____

whether the Agency met its burden with respect to D.I.S. under Section 2511(b), as the analysis is identical to the analysis for D.S.

As we conclude the trial court's findings and conclusions that termination were justified pursuant to Section 2511(a)(2) and (b), we affirm both decrees.

Decrees affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/2022