J-S27016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| QA ACQUISITIONS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PATRICIA L. SCOTT | : | |
| | : | |
| Appellant | : | No. 2621 EDA 2021 |

Appeal from the Judgment Entered June 16, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210400255

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED OCTOBER 17, 2022**

Appellant Patricia L. Scott appeals *pro se* from the judgment entered in favor of Appellee QA Acquisitions, LLC, in the underlying landlord/tenant dispute.[1]  After review, we affirm.

_____

[1] The record reflects that Appellant filed her appeal on December 13, 2021, following the trial court's order denying post-trial motions.  Because no judgment had been entered, Appellant's appeal was premature.  ***See Brown v. Philadelphia Coll. of Osteopathic Med.***, 760 A.2d 863, 865 n.1 (Pa. Super. 2000) (providing that an appeal lies from the judgment entered following disposition of post-trial motions).  On April 27, 2022, this Court issued an order directing Appellant to praecipe for the entry of judgment and file in this Court, within fourteen days, a certified copy of the trial court docket reflecting that judgment was entered.  The April 27, 2022 order informed Appellant that once judgment was entered, her previously filed notice of appeal would be treated as filed after the entry of judgment in accordance with Pa.R.A.P. 905(a)(5); ***see also Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511, 513 (Pa. Super. 1995) (*en banc*) (holding that jurisdiction in this Court may be perfected after an appeal has been filed upon the docketing of a final judgment).  ***See*** Order, 4/27/22.  However, Appellant failed to comply with this order.  This Court issued a second order on May 18,
*(Footnote Continued Next Page)*

The trial court summarized the relevant facts and procedural history in this matter as follows:

> On May 4, 2021, [Appellee] filed a landlord/tenant complaint seeking judgment against [Appellant] for outstanding rent, attorney fees, court costs and late fees relating to the [subject property located in] Philadelphia, PA 19124.[FN1]  In the complaint, Appellee attached a copy of a lease agreement between the parties reflecting a rental period from August 1, 2019, to July 31, 2020, with rent set at a rate of $1,300.00 per month.  Appellee also attached documentary evidence further reflecting the parties had entered into a subsequent agreement, following termination of the lease, extending the rental period on a month-to-month basis with rent set again at rate of $1,300.00 per month.  Appellee further submitted with its complaint a notice of non-renewal dated November 5, 2020, demonstrating termination of this month-to-month rental agreement.
>
> [FN1] **See** Appellee's May 4, 2021, complaint at pg.5[2] (Specifically Appellee in this case requested $10,150.00 for

2022, and informed Appellant that failure to praecipe for the entry of judgment and comply with this Court's order could result in dismissal.  **See** Order 5/18/22.  Appellant again failed to comply.  This Court filed a third order on June 13, 2022, and on June 16, 2022, Appellant provided this Court with a copy of the trial court docket reflecting that judgement in this matter was entered on June 16, 2022.  Accordingly, on June 22, 2022, this Court discharged the prior orders and referred the issue concerning the propriety of Appellant's appeal to this panel.  Order, 6/22/22.  Although we could dismiss Appellant's appeal for failure to comply in a timely manner with this Court's April 27, 2022, and May 18, 2022 orders, **see Johnston the Florist**, 657 A.2d at 513, we will deem Appellant's appeal properly filed from the June 16, 2022 judgment entered in favor of Appellee.

2 In its complaint, Appellee also states that Appellant received written notice of the applicable COVID-19 financial hardship information providing Appellant the opportunity to resolve her outstanding rent without legal action.  Compl., 5/4/21, at ¶10.  Appellee then notes that Appellant did not respond to Appellee with a notice of financial hardship.  **Id.** at ¶11.  The trial court found that although Appellant provided evidence indicating that she applied for COVID-
*(Footnote Continued Next Page)*

outstanding rent, previously incurred attorney's fees and court costs; $1,300.00 for ongoing rent and related attorney's fees of $350.00 per hour; and late fees in the amount of $390.00).

On October 5, 2021, this court sustained Appellee's preliminary objections and granted [Appellant] leave of thirty (30) days to file an amended answer with new matter. Appellant filed an amended answer on October 21, 2021, that was substantially similar in substance and nature to her prior filed answer. In the amended answer Appellant again reiterated claims that she had applied for Phase 4 rental assistance and that Appellee improperly accessed her premises. Appellant again indicated she was up to date on all required rental payments and claimed Appellee was "grossly" manipulating her rental balances through its online portal. On November 3, 2021, a bench trial was held before this court at which time the parties presented evidence and testimony regarding the merits of their case. On November 4, 2021, following a bench trial, this court issued an order . . . in favor of Appellee. This court further assessed damages against Appellant in the amount of $5,640.00 for unpaid rent.

On November 12, 2021, Appellant filed a motion for reconsideration of this court's November 4, 2021 order. On November 15, 2021, this court scheduled a hearing on Appellant's motion for reconsideration for December 1, 2021, at 10:00 A.M. via Zoom teleconferencing software. On December 1, 2021, a hearing was held where for a second time both parties presented evidence and testimony concerning the merits of their case. Following the hearing on December 1, 2021, this court denied Appellant's motion for reconsideration. On December 13, 2021, Appellant filed a notice of appeal . . . . On December 17, 2021, this court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On

_____

19 Emergency Rental Assistance, Appellant presented no evidence that her application was approved or the status of that application. Trial Ct. Op., 3/31/22, at 9-10. The trial court also notes that Appellant remains in the subject property as a holdover tenant. *Id.* at 10. The trial court addressed Appellant's allegations concerning Appellee's alleged failures to follow mandates concerning COVID-19 Emergency Rental Assistance, and the trial court explained that Appellant failed to substantiate any of these claims. *See id.*, at 5-9; 14-17.

January 25, 2022, having received no [Rule] 1925(b) statement from Appellant, this court filed a statement in-lieu of an opinion requesting Appellant's issues on appeal be deemed waived and her appeal dismissed. On February 14, 2022, the Superior Court of Pennsylvania granted Appellant's motion for relief requesting permission to file her [Rule] 1925(b) statement *nunc pro tunc*. In its order, the Superior Court of Pennsylvania remanded the matter back to this court and directed "*pro se* Appellant Patricia Scott" to file her [Rule] 1925(b) statement within twenty-one (21) days of this order. Appellant filed a [Rule] 1925(b) [statement] on February 25, 2022.

Trial Ct. Op., 3/31/22, at 1-4 (formatting altered and some footnotes omitted).

On appeal, Appellant presents the following issues which we set forth verbatim:

The Appellee QA Acquisitions LLC filed a complaint in the middle of a worldwide pandemic against the Appellant Patricia Scott without first acknowledging the hardship due to Covid-19 that the Appellant was experiencing and treating the circumstances of the hardship as business as usual ignoring all mandates under chapter 9-809, using methods of Self-Help Eviction Practices under 9-1603 prior to acting in court, filing a fraudulent claim, and perjuring themselves in their testimony. Subject to penalties under 9-1605 and 28 U.S.C.1746.

Mandates were set forth to protect tenants from homelessness due to circumstances beyond their control and by landlords who refuse to adhere to the mandates. that stated that no landlord shall move forward without first applying for evictions diversions program to ensure an amicable outcome for both landlord and tenant and is a dispositive action and cannot be waived.

Appellant's Brief at 11 (verbatim).

We are constrained to observe that Appellant's *pro se* brief is a combination of unsubstantiated accusations and broad conclusions of fact and law without reference to the record or analysis of alleged trial court error. *See*

Appellant's Brief at iv-xii. Compounding this obstacle, Appellant provides no indication or reference to where in the record she may have raised and/or preserved these issues in the trial court. *See id.*

It is well settled that:

it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.

This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (citations omitted); *see also Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018) (stating that "[w]e shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived" (citation omitted)).

Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review.

*Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037-38 (Pa. Super. 2018) (citations and quotation marks omitted), *appeal denied*, 217 A.3d 793 (Pa.

2019), *cert. denied*, 140 S. Ct. 1147 (2020); **see also Branch Banking & Tr. v. Gesiorski**, 904 A.2d 939, 942-943 (Pa. Super. 2006) (concluding that "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof" (citations omitted and formatting altered)).

Here, we have carefully reviewed Appellant's brief, and we find the defects to be substantial. Appellant has not complied with the applicable procedural rules. Importantly, Appellant has not developed any arguments by applying legal principles to her case. **See** Pa.R.A.P. 2119(a). Significantly, Appellant does not included citations to, or appropriate analyses of, any legal authority supporting an appeal. **See id.** Although we have liberally construed Appellant's *pro se* brief and empathize with her challenges experienced during the pandemic, we are barred from acting as her counsel and developing her arguments. **See Vurimindi**, 200 A.3d at 1037-38; **Milby**, 189 A.3d at 1079. For these reasons, we are reluctantly constrained to conclude that Appellant has failed to properly address her issues on appeal, and we find the issues waived. In any event, to the extent Appellant preserved her issues on appeal, we would affirm on the basis of the trial court's opinion. **See** Trial Ct. Op., 3/31/22, at 4-17.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2022