J-A07009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LOUISE A. CARAFA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK N. CARAFA | : | |
| | : | |
| Appellant | : | No. 2083 EDA 2022 |

Appeal from the Order Entered August 3, 2022
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2009-015174

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED MAY 10, 2023**

Appellant, Frank N. Carafa ("Husband"), appeals the August 3, 2022 order[1] entered in the Delaware County Court of Common Pleas that dismissed his June 6, 2022 Petition for Special Relief pursuant to Pa.R.A.P. 1701(a)[2] for lack of jurisdiction due to a pending appeal before this Court. Husband's brief includes substantial defects that preclude meaningful appellate review and, therefore, we dismiss this appeal.[3]

_____

[1] The order is dated August 2, 2022, but the court did not docket the order until August 3, 2022.

[2] Pa.R.A.P. 1701(a) provides: "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."

[3] Wife's March 8, 2023 Motion for Leave of Court to File Sur Reply Brief is granted and we accept the Sur Reply Brief filed on March 8, 2023.

A detailed recitation of the factual and procedural history is unnecessary to our disposition.  Briefly, Husband and Appellee, Louise A. Carafa ("Wife"), have been involved in highly contentious divorce proceedings since 2009 when the parties separated after thirty-five years of marriage, and Wife filed a divorce complaint.  The trial court entered an equitable distribution order on November 16, 2016, and a final divorce decree on June 27, 2017.  On April 10, 2019, Wife filed a Petition to Distribute the Marital Estate and, on June 26, 2019, the court entered an Agreed Order for Distribution.

On April 8, 2021, Husband filed a serial Petition for Special Relief contesting the equitable distribution order.  After a hearing, the trial court denied Husband's petition and Husband timely appealed.  On June 6, 2022, Husband filed the instant Petition for Special Relief, once again contesting the equitable distribution order and alleging fraud.  The court dismissed the June 6, 2022 petition pursuant to Rule 1701(a) for lack of jurisdiction and Husband timely appealed, raising four issues for this court's review.

As stated above, Husband's brief fails to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2140 and we are, therefore, unable to conduct meaningful appellate review of the multiple issues that he raises.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial.  **Commonwealth v. Adams**, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101.  "The Rules of Appellate Procedure state unequivocally that each question an appellant

raises is to be supported by discussion and analysis of pertinent authority." ***Commonwealth v. Martz***, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted). ***See*** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). As this Court has made clear, we "will not act as counsel[.]" ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Husband's brief fails to comply with our rules of appellate procedure and the substantial defects fatally hamper our ability to provide meaningful review. Husband includes a "Statement of the Scope and Standard of Review" that is both incorrect and unsupported by citation to legal authority. Husband's Br. at 6. In his "Order in Question" section, Husband includes a previous order from June 14, 2022, rather than the August 3, 2033 order that he purports to appeal. ***Id.*** at 5. Similarly, in his "Statement of Case" section, Husband references the incorrect order by stating, "this is an appeal from an order

dated June 14, 2022." *Id.* at 8.   Moreover, Husband fails to include any citations to the voluminous record, that spans well over ten years, as required by Pa.R.A.P. 2117(4).   Finally, Husband has failed to include a summary of argument section as required by Pa.R.A.P. 2118.

Most significantly, however, despite having raised four questions for our review, Husband has failed to address each issue as required by Pa.R.A.P. 2119(a).   Section 2119 provides, *inter alia*, that each issue raised should be addressed in the argument section under its own heading with discussion of relevant law as it pertains to the issues raised in the appeal.   Pa.R.A.P. 2119(a).   Husband has utterly failed to do this.   Instead, he has provided four short paragraphs with no headings, no citations to the record, and no analysis of the facts and law as they relate to the issues he has raised and the boilerplate legal authority he cites in his "Argument" section.[4]  **See** Husband's Br. at 12; **see also** Pa.R.A.P. 2119(a) and (b) (requiring discussion and citation of authorities that are deemed pertinent to an appellant's argument).

These substantial omissions preclude meaningful review.   Accordingly, we are constrained to dismiss Husband's appeal.

---

[4] Notably, none of the questions posed in the "Statement of Questions Involved" section raise a claim that the trial court erred in its application of Pa.R.A.P. 1701 or in its dismissal of the instant petition for lack of jurisdiction. Instead, they raise claims that the trial court's findings are not supported by the record, the trial court erred in awarding counsel fees, and the trial court denied Husband his constitutional right to litigation. They are identical to the questions that Husband raises at Docket No. 1622 EDA 2022, a separate appeal before this court, and appear to raise issues relating to that appeal.

Appeal dismissed. Wife's Motion for Leave of Court to File Sur Reply Brief is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2023