J-A09006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LEANN WEBER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAN KOVACS | : | |
| | : | |
| Appellant | : | No. 1014 WDA 2023 |

Appeal from the Order Dated August 9, 2023
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD-13-000236-008

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM PER CURIUM: **FILED: MAY 22, 2024**

Appellant, Dan Kovacs ("Father"), appeals from the August 9, 2023 order that, *inter alia*, denied Father's petition to modify custody and ordered Appellee, Leann Weber ("Mother"), to retain primary physical custody of nine-year-old L.K. ("Child") while awarding Father partial physical custody.[1] Upon review, we dismiss this appeal due to the substantial defects in Father's appellate brief.

A detailed recitation of the factual and procedural history is unnecessary to our disposition. Briefly, Father and Mother (collectively, "Parents") are parents to Child and have historically had a tumultuous co-parenting relationship. On September 25, 2018, Parents filed a consent agreement

---

[1] The trial court dated the custody order August 8, 2023, but did not docket the order until August 9, 2023.

awarding Parents shared legal custody, Mother primary physical custody, and Father partial physical custody of Child for two overnights and three days per week. On February 6, 2019, Mother filed a notice of relocation from Pittsburgh, where Parents both resided, to Cary, North Carolina. After a trial, on August 29, 2019, the trial court entered an order permitting Mother to relocate with Child to North Carolina. The court further ordered Parents to have shared legal custody, Mother to have primary physical custody, and Father to have shared physical custody of Child during the summer months, five additional weekends per year, and certain holidays. Over the next few years, Parents filed numerous motions for special relief, contempt, and change of venue, none of which materially altered the court-ordered custody schedule.

Relevant to this appeal, on August 9, 2023, after a hearing, the trial court denied Father's request for primary physical custody and to relocate Child from Cary, North Carolina to Pittsburgh.

Father timely appealed. On August 31, 2023, the trial court ordered Father to file a Rule 1925(b) statement "immediately." Order, 8/31/23. On September 6, 2023, Father filed a Rule 1925(b) statement.[2] The trial court filed a responsive Rule 1925(a) opinion.

_____

[2] Although Father failed to file a Rule 1925(b) statement contemporaneously with his notice of appeal, *see* Pa.R.A.P. 1925(a)(2)(i), (b), we decline to dismiss on this basis because no party asserted prejudice. *See In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that the failure to file a Rule

*(Footnote Continued Next Page)*

Father raises the following issues for our review:

1. Did the trial court err in denying [Father]'s petition to modify custody, which sought to relocate the child's primary residence back to Allegheny County, Pennsylvania?

2. Did the trial court err[] in finding that Appellant did not provide[] sufficient evidence to support the petition for modification?

3. Did the trial court err in significantly changing the underlying custody order such that the child's custody time with [Father] is significantly reduced (from approximately 111 days per year, down to 59 days per year)?

Father's Br. at 4.

As stated above, Father's brief fails to comply with the briefing requirements set forth in Pa.R.A.P. 2111-2135 and we are, therefore, unable to conduct meaningful appellate review of the multiple issues that he raises.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101. "The Rules of Appellate Procedure [] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted). *See also* Pa.R.A.P. 2111 (listing briefing requirements for appellate

_____

1925(b) statement contemporaneously with a notice of appeal in a children's fast track case will result in a defective notice of appeal which this Court will address on a case-by-case basis, avoiding the extreme action of dismissal when the defect does not prejudice any party).

briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c). As this Court has made clear, we "will not act as counsel[.]" *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018).

The substantial defects in Father's brief to this court preclude meaningful appellate review. Father's argument section is substantially underdeveloped. Father fails to address each issue raised under its own heading pursuant to Rule 2119 and, instead, combines all three issues in one section. Pa.R.A.P. 2119(a). Most fatal to our review is the fact that Father fails to provide citation to any legal authority to support his arguments and, accordingly, fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and case law. It is not the role of this Court to develop an appellant's legal argument. *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa. 2009).

Once again, this Court will not act as counsel. ***In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012).

In sum, Father's violations of the Rules of Appellate procedure preclude this Court's meaningful review. We decline to scour the record and may not develop arguments on Father's behalf. Accordingly, we are constrained to dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/22/2024