J-S42020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN THOMAS HEALY | : | No. 1260 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 12, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002720-2022

BEFORE:  BOWES, J., STABILE, J., and DUBOW, J.

CONCURRING MEMORANDUM BY DUBOW, J.:          **FILED JUNE 06, 2024**

I agree with the Majority's decision to affirm the sentencing court's order, but write separately because I find that the Commonwealth has waived any challenge to the order.  The Commonwealth's arguments in its brief are so deficient that in order to engage in any meaningful appellate review of the Commonwealth's challenge to the sentence, we must articulate the Commonwealth's arguments and thus, act as counsel for the Commonwealth. This we cannot and should not do.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure and this Court may quash or dismiss an appeal if the defect in the brief is substantial.  ***Commonwealth v. Adams***, 882 A.2d 496, 497 (Pa. Super. 2005); Pa.R.A.P. 2101.  "The Rules of Appellate Procedure [] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority."

*Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted). *See* Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P 2119(a)-(c).

As this Court often states when reviewing deficient briefs, we "will not act as counsel" and "[w]e shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007); *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa. Super. 2018). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa. 2009).

Here, aside from quoting 42 Pa.C.S. §§ 9721(b) and 9760, summarily stating that the sentencing court must also consider the sentencing guidelines," and citing one boilerplate case stating that sentencing is vested in the sound discretion of the sentence court, the Commonwealth's 14-line argument fails to cite to the record, the sentencing guidelines, or provide any developed legal analysis. *See* Appellant's Br. at 11-12. Further, the

- 2 -

Commonwealth fails to identify the applicable mitigating and standard range sentences or articulate any legal analysis to support its contention that the sentence was unreasonable. In addition, the Commonwealth fails to provide citation to the record or to any authority to support its bald contention that the sentencing court did not properly consider aggravating factors.

Without this information or analysis, we cannot conduct meaningful appellate review of the Commonwealth's challenge to the sentence and thus, I would find that the Commonwealth waived its challenge to it.