J-A25029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ZAHEERUDDIN S. HASAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZAREENA ZAHEER HASAN | : | |
| | : | |
| Appellant | : | No. 572 EDA 2024 |

Appeal from the Order Entered February 16, 2024
In the Court of Common Pleas of Delaware County Domestic Relations at
No(s):  PACSES: 236300577

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED OCTOBER 22, 2024**

Appellant, Zareena Zaheer Hasan ("Mother"), appeals *pro se* from the February 16, 2024 order that found her in contempt for willfully failing to pay her court-ordered child support obligation.  Upon review, we dismiss this appeal due to the substantial defects in Mother's brief.

A detailed recitation of the procedural and factual history is unnecessary to our disposition.  Briefly, Mother and Appellee, Zaheeruddin S. Hasan ("Father"), are divorced.  The court awarded Father primary custody of the parties' three minor children ("Children"), and limited Mother to supervised physical custody of Children.  Mother is court-ordered to pay base child support in the amount of $688.80 plus $68.86 in arrears per month.  Mother has not made a voluntary child support payment since September of 2022. The trial court categorizes Mother's support payment history as "abysmal" and has previously held Mother in contempt, incarcerated Mother for thirty days,

and seized a portion of her equitable distribution award to compel her to fulfill her child support obligation. Trial Ct. Op., 6/12/24, at 4. Most recently, on January 17, 2024, the court found Mother in contempt for failure to comply with the child support order, sentenced Mother to thirty days of incarceration, and set a release amount at $3,483.25. Mother filed a timely *pro se* notice of appeal listing six challenges to previous custody and support awards. The trial court filed a responsive Pa.R.A.P. 1925(a) opinion.

Although Mother identifies six challenges in her *pro se* notice of appeal, we are unable to review them due to the substantial defects in her brief.

Appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if the defect in the brief is substantial. **Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa. Super. 2005); Pa.R.A.P. 2101. "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251–52 (Pa. Super. 2003).

"The Rules of Appellate Procedure [] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Commonwealth v. Martz**, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted); **see also** Pa.R.A.P. 2111 (listing briefing requirements for appellate briefs) and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly raised and

developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a [c]ourt will not consider the merits thereof." ***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).  Moreover, it is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority.  Pa.R.A.P 2119(a)-(c).  "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" ***Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018).

Mother's brief consists solely of a "Statement of the Case and Fact" section that fails to provide "[a] closely condensed chronological statement" including appropriate references to the record and, instead, airs grievances from 2017 to present. ***See*** Pa.R.A.P. 2117(a)(4).  The brief fails to include a statement of jurisdiction, statement of the scope and standard of review, statement of the questions involved, summary of argument, and argument section as required by Rule 2111.  Most fatal to our review is the fact that Mother **fails to provide citation to any legal authority** to support her grievances, or "arguments," and, accordingly, fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and case law.  The omissions in Mother's brief fatally hamper our review.  We, thus, dismiss this appeal.[1]

_____

[1] In light of our disposition, we deny as moot Father's October 8, 2024 motion for continuance.

We direct the prothonotary to strike this appeal from the November 20, 2024 argument list.

Appeal dismissed. Father's motion for continuance denied as moot. Case stricken from the argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/22/2024