J-S18004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID WATTIE-BEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAUPHIN COUNTY RECORDER OF | : | No. 1579 MDA 2025 |
| DEEDS | : | |

Appeal from the Order Entered October 29, 2025
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2025-CV-08034

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:               **FILED: MAY 18, 2026**

Appellant, David Wattie-Bey, appeals *pro se* from the October 29, 2025 order dismissing his "Complaint (Bill) in Equity for a Preliminary Injunction Pa.R. 1531. Special Relief. And R. 1602. Declaratory Judgment as Ancillary Relief" ("Complaint") with prejudice.  After careful review, we dismiss this appeal.

The relevant facts and procedural history are as follows.  On October 24, 2025, Appellant *pro se* filed the Complaint alleging that, on September 9, 2025, he mailed an affidavit for adverse possession to the Dauphin County Recorder of Deeds to notify any owner of a property he did not identify in the

Complaint[1] that he intended to initiate a claim for adverse possession over the property and received a handwritten notification of the Recorder's refusal to file the affidavit, with no further explanation. Complaint, 10/24/25, at 2 (unpaginated). In the Complaint, Appellant asked the court to enjoin the Dauphin County Recorder of Deeds from preventing him from recording legal documents. *Id.* at 3 (unpaginated). Appellant further sought a declaratory judgment that, *inter alia*, (1) he has a right to adversely possess the property; (2) the "alleged owner must file an action in ejectment to remove [him]"; (3) "it is unlawful for the Dauphin County Recorder of Deeds Recorder(s) to prevent [him] from filing documents because of racial covenants." *Id.* at 4 (unpaginated) (citations and unnecessary capitalization omitted).

On October 29, 2025, the trial court entered an order denying Appellant's request for a preliminary injunction and for declaratory judgment because Appellant "is not a member of the highest court of this Commonwealth, he is [therefore] not entitled to have his affidavit filed by the Recorder[.]" Trial Ct. Op., 12/16/25, at 2 (unpaginated), citing 21 Pa. Stat. Ann.§ 451 (providing that, with respect to affidavits affecting title to real estate, "[a]n affidavit . . . may be recorded . . . provided a member of the bar

---

[1] Appellant attached a copy of the affidavit as an exhibit to the Complaint. In the affidavit, Appellant identified the property as 6447 Moline Lane, Harrisburg, PA 17111 and stated that he had an interest in it through adverse possession because he "[came] upon [it] beginning on August 24th, September 1st, 4th, and 8th of 2025 with evidence and witnesses." Affidavit, 9/9/25, at 1 (unpaginated).

- 2 -

of the highest court of this Commonwealth shall have signed a certification, appended thereto, that he or she relied upon such affidavit in passing on the title to such real estate.")).

On October 30, 2025, Appellant filed a motion to correct the caption in this case to reflect that it is a case in "'Equity' EQ and not 'Law.'" Motion, 10/30/25. On November 4, 2025, the trial court denied the Motion because it had already dismissed Appellant's Complaint.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In his brief to this Court, Appellant has included eight questions in his "Statement of Questions Presented," which we group into three thematic categories: (1) claims of error arising from the court not classifying the Complaint as one in equity; (2) claims of error regarding the viability of Appellant's adverse possession claim; and (3) claims that the trial court lacked jurisdiction or violated other procedural rules. Appellant's Br. at 4-10. Before we address these claims, we consider whether Appellant has preserved them for our review.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted); *see* Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "When issues are not properly

raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a [c]ourt will not consider the merits thereof." **Branch Banking and Tr. v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted); **see** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

As noted above, Appellant has presented eight issues to this Court for appellate review. Appellant's brief, however, contains only one, one-paragraph section of argument, which is devoid of any citation to the record or relevant controlling case law applied and analyzed under the facts of this case, in violation of Rule 2119(a). Pa.R.A.P. 2119(a) (providing that the "argument shall be divided into as many parts as there are questions to be argued" and that an appellant provide "discussion and citation of authorities as are deemed pertinent" to each question).[2]

"While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." **Gesiorski**, 904 A.2d at 942 (citation omitted). "As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent,

---

[2] Appellant instead included the arguments in support of each of his issues—which he has likewise failed to develop with citation to the record or relevant controlling case law applied and analyzed under the facts of this case—immediately following each question presented in the statement of questions involved in violation of Pa.R.A.P. 2116(a).

assume the risk that [his] lack of expertise and legal training will prove [his] undoing." *Id.* (citation omitted).

In the present case, even a liberal construction of Appellant's brief cannot remedy the serious inadequacies. Accordingly, we dismiss the appeal due to the substantial briefing defects in Appellant's brief, which hamper our ability to conduct meaningful appellate review. *See* Pa.R.A.P. 2101.

Appeal dismissed.[3]

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/18/2026

_____

[3] Even if Appellant had not waived his issues, we would find they lacked merit because Pennsylvania courts of common pleas have jurisdiction over both courts of law and equity and our review of the record indicates that Appellant had failed to satisfy the elements of adverse possession as he had only "possessed" the property at issue for a matter of days before filing the Complaint.